## NELSON vs. THE ST. CROIX BOOM CORPORATION.

*August 31 — September 27, 1881.*

PLEADING: *Complaint sufficient on demurrer.*

Defendant's charter *requires* it to maintain, in a certain river, only the lower of the two booms thereby *authorized,* and makes it liable only for neglecting to care for logs coming within the limits of such lower boom. The complaint alleges that the defendant constructed in said river "a boom such as was contemplated and provided for in said act," and had for ten years last past operated it, etc.; that plaintiff drove logs into " the limits of said boom," which *it was defendant's duty* to collect, secure and deliver " *as provided in said act;*" and that defendant failed to perform such duties, without any reasonable cause or excuse therefor. *Held,* sufficient on demurrer, without *express* averment that the boom referred to was the lower boom, or that defendant could have performed the duties alleged.

APPEAL from the Circuit Court for *St. Croix* County.

Defendant appealed from an order overruling a general demurrer to the complaint.   The essential averments of the complaint are stated in the opinion.

For the appellant there was a brief by *N. H. Clapp*, its attorney, with *J. N. & I. W. Castle*, of counsel, and oral argument by *J. N. Castle*.

For the respondent there was a brief by *Henry C. Baker* and *John C. Spooner*, and oral argument by *Wm. F. Vilas*.

ORTON, J.    The charter of the defendant corporation required it to construct, maintain, and keep in order, two good and substantial booms on the St. Croix river, one to be called the upper boom, and the other the lower boom; but it is provided that said corporation may, at their option, omit to maintain or keep up, or raft logs or timber at, their upper boom, and in case and so long as said upper boom is not kept up, it shall be the duty of log-owners to drive all of their logs or timber within the limits of said lower boom.    And it is further provided that all logs or timber floating or driven down the said river St. Croix shall be collected by said corporation in said boom, and shall be assorted according to their several marks, and well rafted, in good rigging, and delivered, at or near the foot of said lower boom, to the owner of such logs or timber, without unnecessary delay; and that said corporation shall collect and carefully sort and raft, in rigging, etc., all logs or timber which may come within the limits of said lower boom, and safely secure the same at or near the foot of said boom, to be taken possession of by the owners thereof, etc.    The complaint charges that the corporation constructed, pursuant to said charter, "in said St. Croix river, a boom such as was contemplated and provided for in said act, and for more than ten years last past has operated the same, and has during all that time taken, and still continues to take, possession of all logs coming down the said St. Croix river into the limits of said boom, and to charge and receive the tolls prescribed by said act for collecting, sorting, rafting in rigging, and securing ready for delivery to the owner of such logs."    And it is alleged further that the plaintiff "drove and floated

9,000,000 feet of logs, of which he was the owner, down the said river into the limits of said boom, and that there remained in said boom, and in the custody and under the exclusive control of the defendant, 1,341,825 feet of said logs, which it was the duty of the defendant, and which the defendant undertook, to collect, etc., and secure at or near the foot of said boom ready for delivery, and to deliver as provided in said act." Then it is averred that the defendant closed said boom, and refused to collect, sort, etc., or to deliver to the plaintiff, said logs; but, wholly disregarding its duties and obligations as prescribed in the act, and without any reasonable cause or excuse therefor, did unreasonably, wrongfully and unlawfully delay and detain in its said boom said logs.

This appeal is from the order of the circuit court overruling a general demurrer to the complaint. It is too clear for argument that the complaint would contain all the necessary averments to make a good cause of action against the defendant under its charter, if it were further alleged that the boom mentioned was the "lower boom;" and that it is not so alleged is the defect which the learned and eminent counsel of the appellant more particularly relied upon in his able and ingenious argument before this court in support of the demurrer. The complaint mentions only one boom, and then avers that the defendant constructed that boom, and for more than ten years has operated it, and during all that time has taken logs coming down the river into it, for collecting, sorting, rafting, etc., and securing ready for delivery, etc., and still continues to do so, as provided for in the charter of the corporation, and that these logs came into the custody and under the exclusive control of the corporation, and that it was its duty, and it undertook, to collect, sort, raft, etc., and deliver at the foot of said boom, said logs, and that the plaintiff requested the defendant to do so, and that the defendant, disregarding its duties and obligations as prescribed by the charter, refused to do so. What boom was it which the plaintiff so often mentions, and

in relation to which all the necessary averments are made to make the defendant liable? The corporation was not required to construct and operate for such purposes any boom except the lower one, and the complaint avers that the boom required by the charter to be constructed and operated was the one into the limits of which these logs were driven and floated by the plaintiff. There was but one boom to which these averments could be applicable, according to the charter, and that was the lower boom. The inference is therefore conclusive that the lower boom is the only one referred to. In this respect the complaint is scarcely uncertain. It may be indefinite, but that is all; and a motion to make it definite in this particular, by saying that said boom is the lower boom, should have been resorted to, rather than a general demurrer. The learned counsel of the appellant insists also, but not very strenuously, that it does not appear that the defendant could have discharged the duties alleged. The complaint negatives the only reason which exempts the corporation from the performance of this service, and then charges a refusal to perform without reasonable cause or excuse. We think that the complaint substantially states a cause of action against the defendant.

*By the Court.* — The order of the circuit court is affirmed, and the cause remanded for further proceedings according to law.